******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE SAMUEL R.*
(AC 38251)

Beach, Alvord and Norcott, Js.

*Argued January 12—officially released February 8, 2016***

(Appeal from Superior Court, judicial district of Middlesex, Child Protection Session, Hon. Barbara M. Quinn, judge trial referee.)

*Lisa M. Vincent*, for the appellant (respondent mother).

*Tammy Nguyen-O'Dowd*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, *Gregory T. D'Auria*, solicitor general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent mother appeals from the judgment of the trial court denying her motion to open the judgment of neglect and terminating her parental rights to her minor child, Samuel R.[1] On appeal, the respondent claims that the trial court abused its discretion by denying the motion to open without (1) conducting an evidentiary hearing, and (2) addressing the competency of the respondent and other facts alleged therein. We conclude that the trial court did not abuse its discretion. We affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant to our resolution of this appeal. On July 21, 2014, the respondent contacted the clerk's office at the Superior Court for Juvenile Matters in Willimantic and requested that her son, Samuel, then twelve years old, be removed from her home because she no longer wanted to care for him. She stated, "I want him out of my house forever . . . . I want him out of my life forever." The petitioner, the Commissioner of Children and Families, removed Samuel from the respondent's home. On July 23, 2014, the petitioner filed and was granted an ex parte order of temporary custody. The petitioner also filed a neglect petition. On July 29, 2014, the respondent agreed to the order of temporary custody. The same day, the court, *Dyer, J.*, appointed a guardian ad litem to assist the respondent[2] and also appointed counsel for the respondent. Samuel was placed with a foster care family. After the agreed upon order of temporary custody entered, the respondent refused to cooperate with the Department of Children and Families (department), visit with Samuel, or directly contact him.

On October 15, 2014, the petitioner filed a termination of parental rights petition against the respondent and Samuel's father, alleging abandonment and no ongoing parent child relationship. In January, 2015, the petitioner learned that the respondent was interested in visiting Samuel, but the respondent did not reply to letters relevant to this visitation request sent by the department. On March 17, 2015, the respondent's appointed counsel for the neglect petition requested that the court, *Hon. Francis J. Foley III*, judge trial referee, also appoint her as the respondent's counsel for the termination of parental rights proceeding and vacate the appointment of the respondent's guardian ad litem. The respondent's appointed counsel noted that there had been confusion as to the roles and responsibilities of counsel. The guardian ad litem agreed that "based upon interaction with the [respondent]" he was not needed and did not object to the motion to vacate. The court granted the motion.

On May 5, 2015, the court, *Hon. Barbara M. Quinn*,

judge trial referee, commenced a consolidated trial on the petitions for neglect and the termination of parental rights.[3] The respondent was present, represented by her court-appointed counsel, and testified that she did not want her parental rights to be terminated. The court noted: "From the court's own observations of [the respondent's] demeanor and conduct, the court concludes that she is not now in a position to care for Samuel, despite her verbally stated wishes. Her mental health appears precarious and her ability to understand the world around her distorted."

The court concluded that Samuel had been neglected and uncared for by both the respondent and his father. As for the termination of parental rights petition, the court found clear and convincing evidence that both the respondent and Samuel's father had refused reasonable reunification efforts. The court also found that the petitioner had proven both grounds for the termination of parental rights alleged in the petition: abandonment and the failure to have an ongoing parent-child relationship. Ultimately, the court determined that the termination of parental rights was in the best interests of Samuel.

Despite receiving an extension of time to file, the respondent did not appeal the trial court's judgment. On July 17, 2015, the respondent filed a motion to open judgment. In her motion, the respondent argued: she was deprived of due process because on the date of trial and at least up until the date of filing the motion, "the [respondent's] mental health [was] precarious and her ability to understand the world around her [was] distorted to such a level as to raise reasonable doubt as to her competence"; the petitioner improperly participated in the vacating of the appointment of the respondent's guardian ad litem; and that the department "failed to disclose . . . knowledge of fitness and competence" of the respondent's prior effective parenting. The trial court denied the motion to open without holding an evidentiary hearing, stating: "No facts or claims raised in the motion set forth grounds for reopening the judgment of May 13, 2015." This appeal followed.

I

The respondent claims on appeal that: "The trial court abused its discretion when it denied the [respondent's] motion to open the judgment terminating her parental rights without hearing evidence on the allegations made in the motion." We conclude that the trial court, *Hon. Barbara M. Quinn*, judge trial referee, did not abuse its discretion in denying the motion to open and was not required to hold an evidentiary hearing.

"We begin by setting forth the legal principles that guide our analysis. Our review of a court's denial of a motion to open . . . is well settled. We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a

judgment. . . . In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did. . . . As to a termination of parental rights judgment, before granting a motion to open, the court must also consider the best interest of the child." (Citation omitted; internal quotation marks omitted.) *In re Zen T.*, 151 Conn. App. 724, 728–29, 95 A.3d 1258, cert. denied, 314 Conn. 911, 100 A.3d 403 (2014), cert. denied sub nom. *Heather S.* v. *Connecticut Commissioner of Children & Families*, U.S. , 135 S. Ct. 2326, 191 L. Ed. 2d 991 (2015).

"[O]ne of the essential conditions for the granting of such a motion is that the evidence which the party seeks to offer could not have been known and with reasonable diligence produced at the [hearing]." (Internal quotation marks omitted.) *Light* v. *Grimes*, 156 Conn. App. 53, 70, 111 A.3d 551 (2015). We note that during a hearing on the termination of parental rights, the trial court is required to be mindful of a parent's competency and upon its own motion may order a competency hearing. See Practice Book § 32a-9; see also *In re Alexander V.*, 223 Conn. 557, 566, 613 A.2d 780 (1992). "Because the true focus of the competency inquiry is the parent's present ability to assist her counsel with a rational and factual understanding of the proceedings against her at the time of trial, [t]he trial judge is in a particularly advantageous position to observe a [respondent's] conduct . . . and has a unique opportunity to assess a [respondent's] competency. A trial court's opinion, therefore, of the competency of a [respondent] is highly significant. . . . [W]e [thus] give deference to the trial court's [competency determination] because the trial court has the benefit of firsthand review of the [respondent's] demeanor and responses during the [proceeding]." (Citation omitted; internal quotation marks omitted.) *In re Glerisbeth C.*, 162 Conn. App. 273, 283, A.3d (2015).

The trial court did not abuse its discretion in denying the motion to open without holding an evidentiary hearing because the respondent's motion did not present any facts that were not already known at the time of the trial. During the trial, the court had ample opportunity to closely observe the respondent's demeanor and her ability to assist her counsel and participate in the proceedings. We must give deference to the firsthand observations of the trial court judge. See id. In the motion to open judgment, the respondent did not allege any new facts regarding her competency that would not have been within the purview of the court during the trial on the merits.

In her motion to open, the respondent also alleged that the appointment of the guardian ad litem was improperly vacated and that the department did not provide the court with information that showed that the respondent could effectively parent. It was respondent's counsel who approached the court, *Hon. Francis J. Foley III*, judge trial referee, and requested that it vacate the appointment of the guardian ad litem. In addition, the guardian ad litem informed the court that he had met with the respondent and based on that interaction, he agreed that his representation was not necessary. As for any records that were in the possession of the department and not presented during trial, the respondent had access to these files upon request, and we have no reason to believe that records requested were wrongly withheld. See General Statutes § 17a-28 (g) ("[t]he department shall disclose records . . . to: [1] the person named in the record or such person's authorized representative, provided such disclosure shall be limited to information [A] contained in the record about such person or about such person's biological or adoptive minor child").

II

Accordingly, we need not consider the respondent's second claim that: "The trial court abused its discretion when it denied the motion to open without addressing the standards set forth in *In re Alexander V*. [supra, 223 Conn. 566]." These standards, which concern when a competency hearing of a parent is required for the purposes of a termination of parental rights hearing, do not apply to a motion to open and instead address issues that should be raised on direct appeal. See *In re Zen T.*, supra, 151 Conn. App. 729–30 (improper to challenge merits of judgment terminating parental rights by way of motion to open filed outside appeal period).

"Children involved in termination proceedings have a strong interest in the speedy resolution of such proceedings, for regardless of their outcome, their final resolution promotes permanency in the children's family relationships and stability in their lives. . . . The promotion of those objectives may be put at risk, if not fatally compromised, by injecting undue delay for any purpose into a termination proceeding." (Citation omitted.) *In re Glerisbeth C.*, supra, 162 Conn. App. 280. The claims concerning the respondent's competency were not raised during trial or appealed, and we find no reason to further delay a final resolution for this child.

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** February 8, 2016, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

¹ The parental rights of Samuel's father were also terminated. The respondent father was defaulted during the trial for a failure to appear. He did not join the respondent mother in filing this motion to open and is not a party to this appeal. In this opinion, we refer to the respondent mother as the respondent.

² The court, on its own motion and without prejudice, appointed a guardian ad litem to assist the respondent after she indicated that she had "a lot of medical issues including memory loss."

³ The trial commenced on January 26, 2015, but on that date the court, *Dyer*, *J.*, declared a mistrial once it was determined that the petitioner would present evidence of the respondent's initial phone call to the clerk's office requesting her son's removal from their home. The court, *Dyer*, *J.*, had been presiding in an administrative capacity at the courthouse on the day the phone call was answered in the clerk's office, and at that time had been informed about the respondent's request and statements. The case therefore was transferred to the Child Protection Session in Middletown.